# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARLAND MILLER** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-1805** |
| **SUPREME COURT OF THE STATE OF LOUISIANA,** *et al.* | **SECTION: G(1)** |

## <u>ORDER</u>

In this litigation, Plaintiff Garland Miller ("Plaintiff") alleges that Defendant Supreme Court of the State of Louisiana ("Louisiana Supreme Court") and Defendant State of Louisiana violated his constitutional rights when he appealed his case to the Louisiana Supreme Court and the court "did not hear the case and on May 23, 2014 refused a [rehearing]."[1] Pending before the Court is Louisiana Supreme Court's "Motion to Dismiss."[2] Having reviewed the motion, memorandum in support, memorandum in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

### A.    *Factual Background*

In his amended complaint, Plaintiff requests relief pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1987, and 1988.[3]  Plaintiff claims that in 2005, he was charged with theft by fraud, but that his case was dismissed on May 16, 2011, prior to trial.[4] Plaintiff alleges that he filed a lawsuit in the 11th Judicial District for the Parish of Sabine, bringing a claim for malicious

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 12.

[3] Rec. Doc. 10 at p. 1.

[4] *Id.* at p. 2.

prosecution.[5] Plaintiff asserts that his lawsuit was "denied by Judge Stephen Beasley without reason" and that he then appealed his case to the Louisiana Third Circuit Court of Appeals, where the court stated that, in order to succeed on his malicious prosecution claim, he must prove that he is innocent.[6] According to Plaintiff, when he appealed his case to the Louisiana Supreme Court, the Louisiana Supreme Court "did not hear the case and on May 23, 2014, refused a [rehearing].[7]

**B.    *Procedural Background***

On May 27, 2015, Plaintiff filed a complaint, *pro se*, in this Court against the Supreme Court of the State of Louisiana.[8] On December 11, 2015, the Court granted Plaintiff leave to file an amended complaint in order to add the State of Louisiana as a defendant.[9] On December 16, 2015, the Louisiana Supreme Court filed a "Motion to Dismiss."[10] On January 5, 2016, Plaintiff filed his opposition.[11]

---

[5] *Id.* at p. 1.

[6] *Id.* at p. 2.

[7] *Id.* at p. 1.

[8] Rec. Doc. 1.

[9] Rec. Doc. 9.

[10] Rec. Doc. 12.

[11] Rec. Doc. 14.

## II. Parties' Arguments

### A.    *Defendant Louisiana Supreme Court's Arguments in Support of Dismissal*

Defendant Louisiana Supreme Court moves for dismissal of Plaintiff's complaint asserting: (1) that the Court lacks subject matter jurisdiction over this case; and (2) that Plaintiff has failed to state a claim upon which relief can be granted.[12]

Citing two cases from other sections of the Eastern District of Louisiana, *Leclerc v. Webb* and *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, Defendant Louisiana Supreme Court asserts that it is entitled to Eleventh Amendment immunity and therefore this Court lacks subject matter jurisdiction to hear and decide Plaintiff's claims.[13] Furthermore, Defendant Louisiana Supreme Court contends that it is readily apparent that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[14] Defendant Louisiana Supreme Court asserts that the *Rooker-Feldman* doctrine provides that federal courts lack subject matter jurisdiction over challenges to state court decisions.[15] According to Defendant Louisiana Supreme Court, the doctrine bars "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[16] Defendant Louisiana Supreme Court contends that Plaintiff's requested relief requires this Court to review the state court judgment; however, if Plaintiff is

---

[12] Rec. Doc. 12 at p. 1.

[13] Rec. Doc. 12-1 at p. 1 (citing *Leclerc v. Webb*, 270 F. Supp. 2d 779 (E.D. La. 2003); *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 61 F. Supp. 2d 499, 506 (E.D. La. 1999)).

[14] *Id.* at p. 2.

[15] *Id.* (citing *Stabler v. Ryan*, 949 F. Supp. 2d 633 (E.D. La. 2013)).

[16] *Id.* at pp. 2–3 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 284 (2005)).

dissatisfied with the decision of the Louisiana Supreme Court, his recourse at the federal level is limited to an application for a writ of certiorari to the United States Supreme Court.[17]

Defendant Louisiana Supreme Court also moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Louisiana Supreme Court lacks judicial capacity and therefore cannot sue or be sued.[18] Defendant Louisiana Supreme Court asserts that whether an entity has the capacity to sue or be sued is governed by the law of the state where the court is located.[19] Citing a Louisiana Second Circuit Court of Appeal case, *Dejoie v. Medley*, Defendant Louisiana Supreme Court contends that, pursuant to Louisiana law, in order to possess the procedural legal capacity for suit, an entity must qualify as a "juridical person" which is defined as "an entity to which the law attributes a personality, such as a corporation or partnership."[20] Defendant Louisiana Supreme Court asserts that whether an entity is a juridical person is determined using a functional approach and will depend upon an analysis of what the entity is legally empowered to do.[21] Defendant Louisiana Supreme Court states that there is no law conferring upon it the authority to sue or be sued and therefore the claims against it must be dismissed.[22]

---

[17] *Id.* at p. 3 (citing *Weekly v. Morrow*, 204 F. 3d 613, 614 (5th Cir. 2000)).

[18] *Id.* at p. 2.

[19] *Id.* (citing Fed. R. Civ. P. 17(b)).

[20] *Id.* (citing La. Civ. Code art. 24; *Dejoie v. Medley*, 41,333 (La. App. 2 Cir. 12/20/06); 945 So. 2d 968, 982).

[21] *Id.* (citing *Roberts v. Sewerage and Water Bd. of New Orleans*, 92-2048 (La. 3/21/94); 634 So. 2d 341, 347).

[22] *Id.* (citing *Hall v. Louisiana*, 974 F. Supp. 2d 957 (M.D. La. 2013); *Griffith v. Louisiana*, 808 F. Supp. 2d 926 (E.D. La. 2010)).

**B.**      *Plaintiff's Arguments in Opposition to Dismissal*

In opposition, Plaintiff asserts that this Court has jurisdiction in all cases concerning "Law and Equity."[23] Plaintiff contends that Eleventh Amendment immunity does not apply because the United States Constitution guarantees equal justice under the law.[24] Plaintiff asserts that when a criminal case is dismissed prior to trial, both state and federal courts in Louisiana recognize that a cause of action for malicious prosecution exists and that the burden of proof shifts to the defendant.[25] Plaintiff asserts that he sued the Louisiana Supreme Court "both individually and collectively because each justice is responsible for violating Plaintiff's federally guaranted [sic] constitutional right of access to the court system."[26] Plaintiff states:

> The Third Circuit Court of Appeals ruled that because the then Defendant did not PROVE his INNOCENCE He should be denied access to court. Precisely they stated that no BONAFIDE TERMINATION existed because the then Defendant did not go to trial. Case law and treatise state that any termination prior to trial is a Bonafide Termination; with the exception of pretrial agreements which did not exist in this case. The Supreme Court of the State of Louisiana Did not protect the now Plaintiff's federally guaranted [sic] Constitutional Rights Access to the court system is guaranteed by the U.S. Constitution and Congress (the first continental congress)[.] The State of Louisiana and the Louisiana Supreme Court and its justices refused to grant defendant access to court.[27]

Plaintiff asserts that the case cited by Defendant Louisiana Supreme Court, *Leclerc v. Webb*, "deals with foreign immigrants who may or may not have Constitutional protection."[28] Plaintiff

---

[23] Rec. Doc. 14 at p. 2 (citing U.S. Const. art. III, § 2, cl. 1).

[24] *Id.* at p. 3.

[25] *Id.* at p. 1.

[26] *Id.* The Court notes that only the Louisiana Supreme Court and the State of Louisiana are listed as Defendants in Plaintiff's amended complaint. Rec. Doc. 10.

[27] *Id.* at pp. 1–2.

[28] *Id.* at p. 3.

contends that *Southern Christian Leadership Conference*, another case cited by Defendant Louisiana Supreme Court, "deals with state law guarantees."[29] Plaintiff asserts that the Eleventh Amendment does not bar a federal court from granting prospective injunctive relief against state officials whose enforcement of particular laws would violate the Fourteenth Amendment.[30]

In opposition to Defendant Louisiana Supreme Court's assertion that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, Plaintiff contends that the *Rooker-Feldman* doctrine does not apply in this case because the Louisiana Supreme Court violated his "federally guaranteed constitutional right of access to courts and would be subject to Exparte young [sic] exception."[31] Plaintiff asserts that he did not receive equal justice under the law.[32]

In opposition to Defendant Louisiana Supreme Court's claim that it lacks judicial capacity, Plaintiff quotes Louisiana Civil Code article 24, which states that "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members."[33] Plaintiff contends that in *Dejoie v. Medley*, a case cited by Defendant Louisiana Supreme Court, the court considered "whether the city court sitting **en banc** could be considered a Judicial Person."[34]

---

[29] *Id.*

[30] *Id.*

[31] *Id.* at p. 6 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[32] *Id.*

[33] *Id.* at p. 4.

[34] *Id.* at p. 5.

### III. Law and Analysis

**A.     *Legal Standard on a Motion to Dismiss for Lack of Subject Matter Jurisdiction***

Defendant Louisiana Supreme Court moves to dismiss for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and on the grounds that it has Eleventh Amendment immunity.[35] "Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute,"[36] and it is a "first principle of federal jurisdiction" that a federal court must dismiss an action "whenever it appears that subject matter jurisdiction is lacking."[37] Lack of subject-matter jurisdiction is a threshold issue,[38] and the Fifth Circuit directs that when a motion to dismiss for lack of subject matter jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[39] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[40] When opposing a 12(b)(1) motion, as at all other times, the party asserting federal jurisdiction bears the burden of proof.[41] Since Plaintiff is *pro se*, the Court will

---

[35] Rec. Doc. 12-1 at pp. 1–2.

[36] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[37] *Stockman v. Fed. Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998).

[38] *See* 5B Charles A. Wright *et al.*, *Federal Practice & Procedure* § 1350 (3d ed. 2014).

[39] *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001).

[40] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286–87 (5th Cir. 2012).

[41] *Ramming*, 281 F.3d at 161.

construe his complaint liberally.[42] Because the *Rooker-Feldman* doctrine and Eleventh Amendment immunity are jurisdictional issues, the Court must address these issues first.[43]

**B.      *Analysis***

The *Rooker-Feldman* doctrine denies federal courts subject matter jurisdiction to review or modify the final decisions of state courts unless there is a federal statute that specifically permits such a review.[44] In *Rooker v. Fidelity Trust Co.*,[45] the plaintiff filed suit in federal district court, claiming that the state court, in a case in which the plaintiff was a party, had given effect to a state statute alleged to be in conflict with the contract clause of the Constitution and the due process and equal protection clauses of the Fourteenth Amendment.[46] The Supreme Court held that "[i]f the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right to wrong, was an exercise of jurisdiction."[47] The Supreme Court held that the district court lacked jurisdiction because "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment for errors of that character."[48]

---

[42] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[43] *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381–82 (5th Cir. 2013); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994).

[44] *Pease v. First Nat'l Bank*, 335 F. App'x 412, 415 (5th Cir. 2009).

[45] 263 U.S. 413 (1923).

[46] *Id.* at  414–15.

[47] *Id.* at 415.

[48] *Id.* at 416.

In *District of Columbia Court of Appeals v. Feldman*,[49] two plaintiffs brought suit in federal court challenging the District of Columbia Court of Appeals' refusal to waive a court rule requiring District of Columbia bar applicants to have graduated from an accredited law school.[50] The Supreme Court held that the proceedings before the District of Columbia Court of Appeals were judicial in nature and the district court lacked subject matter jurisdiction over their claims.[51] The Supreme Court found that district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."[52]

Although the Supreme Court has cautioned that the *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name," it is fully applicable in such cases.[53] The doctrine prevents federal courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."[54]

In *Truong v. Bank of America, N.A.*, the Fifth Circuit explained that the two hallmarks of the *Rooker-Feldman* inquiry are: (1) "what the federal court is being asked to review and reject;" and (2) "the source of the federal plaintiff's alleged injury."[55] In this case, Plaintiff requests relief

---

[49] 460 U.S. 462 (1983).

[50] *Id.* at 464–65.

[51] *Id.* at 482.

[52] *Id.* at 486.

[53] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[54] *Id.*

[55] *Id.* (citing *Exxon Mobil Corp.*, 544 U.S. at 284).

pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1987, 1988, which provide federal causes of action for violations of constitutional rights.[56]

 The allegations against Defendant Louisiana Supreme Court are that the Louisiana Supreme Court violated Plaintiff's constitutional rights by declining to hear his case and denying his request for a rehearing.[57] Plaintiff asserts that this Court has jurisdiction to resolve the following question: "Given the requirements for a Malicious Prosecution Suit under Louisiana Law that a bonafide Termination in a criminal case is dismissed prior to trial (without any pre trial agreements or pleadings to a lesser offense) even failure to prosecute constitutes a bona fide termination."[58] In essence, it appears that Plaintiff is asking this Court to review and reject the Louisiana Supreme Court's decision to deny his writ application because, he asserts, his malicious prosecution suit was wrongly dismissed by the lower courts. Pursuant to the Rules of Supreme Court of Louisiana, "The grant or denial of an application for writs rests within the sound judicial discretion of [the Supreme Court of Louisiana]."[59] Rule X of the Rules of Supreme Court of Louisiana states that the Supreme Court of Louisiana will consider several factors in deciding whether to grant a writ application, but states that the factors are "neither controlling nor fully measuring the court's discretion."[60] Plaintiff requests that this Court review and reject the Louisiana Supreme Court's decision to deny his writ application. As noted above, the Court lacks jurisdiction "over challenges to state court decisions

---

[56] Rec. Doc. 10 at p. 1.

[57] *Id.* at p. 1.

[58] Rec. Doc. 14 at p. 6.

[59] Rules of Supreme Court of Louisiana, Rule 10 § 1(a).

[60] *Id.*

in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."[61]

The second hallmark of the *Rooker-Feldman* inquiry is the source of the federal plaintiff's alleged injury.[62] The Fifth Circuit has found that

> [i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.[63]

Plaintiff seeks damages of "12 million dollars considering loss of income and cancellation of contracts."[64] However, the allegations in this case are that Plaintiff was harmed as a result of the Louisiana Supreme Court's decision to not hear his case because, he asserts, his case was wrongly decided by the lower courts. Plaintiff's only allegations in this case are wrongs allegedly committed by the courts themselves. Therefore, the source of the alleged injury is the state court judgment itself.

Although the Court construes *pro se* complaints liberally, Plaintiff bears the burden of establishing federal jurisdiction. In his opposition, Plaintiff asserts that the *Rooker-Feldman* doctrine does not apply in this case because "the Supreme Court of the State of Louisiana violated the Plaintiff's federally guaranteed constitutional right of access to courts and would be subject to Exparte young [sic] exception."[65] However, "[in] *Ex parte Young*[,] [the United States Supreme

---

[61] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

[62] *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382–83 (5th Cir. 2013).

[63] *Id.* at 383 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).

[64] Rec. Doc. 10 at p. 6.

[65] Rec. Doc. 14 at p. 6.

Court] held that the Eleventh Amendment does not bar a suit against a state official who is alleged to be acting in violation of federal law."[66] The *Ex parte Young* doctrine is therefore an exception to Eleventh Amendment immunity, not an exception to the *Rooker-Feldman* doctrine. The Fifth Circuit has found that "[c]onstitutional questions arising in state court proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."[67] Accordingly, the Court finds that because Plaintiff seeks review and relief from the state court judgment, pursuant to the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over Plaintiff's claims. Therefore, the Court may not reach Defendant Louisiana Supreme Court's other arguments in support of dismissal.

It does not appear from the record that Defendant State of Louisiana has yet been served in this case. However, the allegations against the State of Louisiana are the same as those against the Louisiana Supreme Court. Plaintiff alleges that the "State of Louisiana knew or should have known of these proceedings since employees for the state of Louisiana were involved and were party to the original suit."[68] Therefore, for the reasons discussed above, the Court lacks jurisdiction over both the claims against Defendant Louisiana Supreme Court and the claims against Defendant State of Louisiana.

---

[66] *Cox v. City of Dallas, Texas*, 256 F.3d 281, 307 (5th Cir. 2001).

[67] *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

[68] Rec. Doc. 10 at p. 6.

**IV. Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Louisiana Supreme Court's "Motion to Dismiss"[69] is **GRANTED**.

**NEW ORLEANS, LOUISIANA** this <u>20th</u> day of January, 2016.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[69] Rec. Doc. 12.

13